UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAVIER B. MAYORGA,
and other similarly situated individuals,

    Plaintiff (s),

v.

CASA TUA CUCINA (MIAMI)
ASSOCIATES LLC,
and JAZ DEPOT SUPPLIES, INC.

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JAVIER B. MAYORGA, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants CASA TUA CUCINA (MIAMI) ASSOCIATES LLC, and JAZ DEPOT SUPPLIES, INC., and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. Plaintiff JAVIER B. MAYORGA (hereinafter JAVIER B. MAYORGA, or Plaintiff) is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant CASA TUA CUCINA (MIAMI) ASSOCIATES LLC (hereinafter CASA TUA CUCINA, or Defendant) is a Florida corporation with a place of business in Miami-Dade County, Florida, FL, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

4. Defendant JAZ DEPOT SUPPLIES, INC. is a Florida corporation with a place of business in Miami-Dade, Florida, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

5. Corporate Defendants CASA TUA CUCINA (MIAMI) ASSOCIATES LLC and JAZ DEPOT SUPPLIES, are joint employers of Plaintiff.

6. All the actions raised in this Complaint took place in Dade County, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempted duties, at all premises of CASA TUA CUCINA, in furtherance of the business of Defendants, and who worked more than forty hours (40) during one or more weeks within the material time, without being paid

    minimum wages and overtime hours at the rate of time and one-half his regular rate ("the overtime rate"), pursuant the FLSA.

9. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individual joining this action, as tolled or extended by the equity of by law were joint employers of Plaintiff because during his employment at CASA TUA CUCINA he received his wages from CASA TUA CUCINA and JAZ DEPOT SUPPLIES, INC.

10. Therefore, because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants CASA TUA CUCINA, and JAZ DEPOT SUPPLIES, INC. are joint employers within the meaning of the FLSA.

11. Defendants CASA TUA CUCINA and JAZ DEPOT SUPPLIES, INC. are also the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

12. Defendants CASA TUA CUCINA and JAZ DEPOT SUPPLIES, INC. hereinafter will be collectively called CASA TUA CUCINA.

13. Corporate Defendant CASA TUA CUCINA is an upscale Italian restaurant /bar located at 70 SW 7th ST., Miami, Florida 33130, where Plaintiff worked.

14. Defendant CASA TUA CUCINA employed Plaintiff JAVIER B. MAYORGA as a non-exempted, full-time dishwasher and kitchen employee, from on or about December 01, 2021, through approximately June 05, 2022, or 26 weeks.

15. During his employment with Defendant, Plaintiff worked at the restaurant 6 days per week on a regular schedule. Plaintiff had Saturdays off, but he worked from Mondays to Sundays from 1:00 PM to 12:00 AM (11 hours daily), or a total of 66 hours weekly. Plaintiff was unable to take bonafide lunchtime.

16. Plaintiff was paid at the rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

17. Plaintiff was paid for all his working hours but at his regular rate of $12.00 an hour. Plaintiff was not paid for overtime hours as required by law.

18. Plaintiff clocked in and out through a face recognition system and a time card method. Thus, Defendant was in complete control of Plaintiff's schedule. Defendant knew about the actual number of hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendant willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid bi-weekly with checks of CASA TUA CUCINA and JAZ DEPOT SUPPLIES, INC.

21. . The checks were made out to cash, not to the employee's name. Plaintiff was not provided with any paystub showing information about the number of days and hours worked, wage rate paid, employee's taxes withheld, etc.

22. Plaintiff states that in his bi-weekly paycheck, there was always missing around $75.00 per week, which was the equivalence to 6.25 hours of work.

23. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times about the unpaid overtime hours and the unexplained $75.00 deduction to his supervisor Livio LNU

24. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

25. On or about Sunday, June 05, 2022, Plaintiff complained for the last time about missing payment, and unpaid overtime hours to his supervisor Livio LNU.

26. As a consequence of Plaintiff's complaint, Defendant fired Plaintiff immediately, the same day, June 05, 2022.

27. At the moment of his termination, Defendant refused to pay Plaintiff his hard-earned wages. Defendant did not pay Plaintiff for 1 week of work retained by Defendant as a security deposit.

28. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

29. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

30. Plaintiff JAVIER B. MAYORGA seeks to recover regular unpaid wages and overtime wages for every hour above 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

31. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

32. Plaintiff JAVIER B. MAYORGA re-adopts every factual allegation stated in paragraphs 1-31 above as if set out in full herein.

33. This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after December 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

34. The Employer, CASA TUA CUCINA, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a restaurant/bar with more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

35. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently

participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

36. Defendant CASA TUA CUCINA employed Plaintiff JAVIER B. MAYORGA as a non-exempted, full-time dishwasher and kitchen employee, from on or about December 01, 2021, through approximately June 05, 2022, or 26 weeks.

37. During his employment with Defendant, Plaintiff worked at the restaurant 6 days per week a total of 66 hours weekly. Plaintiff was unable to take bonafide lunchtime.

38. Plaintiff was paid at the rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

39. Plaintiff was paid for all his working hours but at his regular rate of $12.00 an hour. Plaintiff was not paid for overtime hours as required by law.

40. Plaintiff clocked in and out through a face recognition system and a time card method. Thus, Defendant was in complete control of Plaintiff's schedule. They knew about the actual number of hours worked by Plaintiff and other similarly situated individuals.

41. Therefore, Defendant willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

42. Plaintiff was paid bi-weekly with checks. The checks were made out to cash, not to the employee's name. Plaintiff was not provided with any paystub showing information about the number of days and hours worked, wage rate paid, employee's taxes withheld, etc.

43. Plaintiff was fired on or about June 05, 2022, due to his complaints for unpaid overtimne wages.

44. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

46. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. Total amount of alleged unpaid O/T wages:

      Four Thousand Fifty-Six Dollars and 00/100 ($4,056.00)

   b. Calculation of such wages:

      Total period of employment: 26 weeks
      Total relevant weeks: 26 weeks
      Total hours worked: 66 hours weekly
      Total unpaid O/T hours: 26 O/T hours weekly
      Regular rate: $12.00 an hour x 1.5 = $18.00 an hour
      O/T rate: $18.00-$12.00 O/T rate paid=$6.00 half-time
      Half-time: $6.00

      Half-time O/T $6.00 x 26 O/T hours=$156.00 weekly x 26 weeks=$4,056.00

   c. Nature of wages (e.g., overtime or straight time):

      This amount represents unpaid overtime wages.

47. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by the Defendant to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendant CASA TUA CUCINA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAVIER B. MAYORGA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JAVIER B. MAYORGA and other similarly-situated individuals and against the Defendant CASA TUA CUCINA, based on Defendant's

willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JAVIER B. MAYORGA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JAVIER B. MAYORGA demands a trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

51. Plaintiff re-adopts every factual allegation stated in paragraphs 1-31 of this Complaint as if set out in full herein.

52. The Employer CASA TUA CUCINA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a restaurant/bar, with more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

53. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

54. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

55. Defendant CASA TUA CUCINA employed Plaintiff JAVIER B. MAYORGA as a non-exempted, full-time dishwasher and kitchen employee, from on or about December 01, 2021, through approximately June 05, 2022, or 26 weeks.

56. During his employment with Defendant, Plaintiff worked at the restaurant 6 days per week with a total of 66 hours weekly. Plaintiff was unable to take bonafide lunchtime.

57. Plaintiff was paid at the rate of $12.00 an hour.

58. Plaintiff clocked in and out through a face recognition system and a time card method. Thus, Defendant wwasin complete control of Plaintiff's schedule. They knew about the actual number of hours worked by Plaintiff and other similarly situated individuals.

59. Plaintiff was paid bi-weekly with checks. The checks were made out to cash, not to the employee's name. Plaintiff was not provided with any paystub showing information about the number of days and hours worked, wage rate paid, employee's taxes withheld, etc.

60. Plaintiff states that in his bi-weekly paycheck, there was always missing around $75.00 per week, which was the equivalence to 6.25 hours of work.

61. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times about the unpaid overtime hours and the unexplained $75.00 deduction to his supervisor Livio LNU

62. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

63. On or about Sunday, June 05, 2022, Plaintiff complained for the last time about missing payment and unpaid overtime hours to his supervisor Livio LNU.

64. As a consequence of Plaintiff's complaint, Defendant fired Plaintiff inmediately, the same day, June 05, 2022.

65. At the moment of his termination, Defendant refused to pay Plaintiff his hard-earned wages. Defendant did not pay Plaintiff for 1 week of work retained by Defendant as a security deposit.

66. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

67. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

68. Plaintiff was paid bi-weekly with checks. The checks were made out to cash, not to the employee's name. Plaintiff was not provided with any paystub showing information about the number of days and hours worked, wage rate paid, employee's taxes withheld, etc.

69. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

70. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

71. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Two Thousand Two Hundred Eighty-Five Dollars and 00/100 ($2,285.00)

   b. <u>Calculation of such wages</u>:

      Total period of employment:  26 weeks
      Total relevant weeks: 26 weeks
      Total number of hours worked:  66 weekly

       Total number of regular unpaid hours: 6.25 hours
       Florida minimum wage 2022: $10.00 an hour

       1.- Minimum wages for 6.25 regular unpaid hours weekly during 26 weeks

       $10.00 x 6.25 hours = $62.50 weeekly x 26 weeks=$1,625.00

       2.- Minimum wage for 1 week of retained as security deposit

       $10.00 x 66 hours=$660.00

       Total #1, and #2: $2,285.00

    c. <u>Nature of wages:</u>

       This amount represents unpaid minimum wages at the Florida minimum wage rate.

72. Defendant unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

73. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages.

74. Defendant CASA TUA CUCINA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages as set forth above.

75. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAVIER B. MAYORGA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JAVIER B. MAYORGA and against Defendant CASA TUA CUCINA, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff JAVIER B. MAYORGA and those similarly situated demand trial by a jury of all issues triable as of right by a jury

## COUNT III: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

76. Plaintiff JAVIER B. MAYORGA re-adopts every factual allegation stated in paragraphs 1-31 of this Complaint as if set out in full herein.

77. The Employer CASA TUA CUCINA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business performing as a restaurant/bar with more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds

from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

78. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

79. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

80. 29 U.S.C. § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

81. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

82. Defendant CASA TUA CUCINA employed Plaintiff JAVIER B. MAYORGA as a non-exempted, full-time dishwasher and kitchen employee, from on or about December 01, 2021, through approximately June 05, 2022, or 26 weeks.

83. During his employment with Defendant, Plaintiff worked at the restaurant 6 days per week a total of 66 hours weekly. Plaintiff was unable to take bonafide lunchtime.

84. Plaintiff was paid at the rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

85. Plaintiff was paid for all his working hours but at his regular rate of $12.00 an hour. Plaintiff was not paid for overtime hours as required by law.

86. Plaintiff clocked in and out through a face recognition system and a time card method. Thus, Defendant was in complete control of Plaintiff's schedule. They knew about the actual number of hours worked by Plaintiff and other similarly situated individuals.

87. Therefore, Defendant willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

88. Plaintiff was paid bi-weekly with checks. The checks were made out to cash, not to the employee's name. Plaintiff was not provided with any paystub showing information about the number of days and hours worked, wage rate paid, employee's taxes withheld, etc.

89. Plaintiff states that in his bi-weekly paycheck, there was always missing around $75.00 per week, which was the equivalence to 6.25 hours of work.

90. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times about the unpaid overtime hours and the unexplained $75.00 deduction to his supervisor Livio LNU

91. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

92. On or about Sunday, June 05, 2022, Plaintiff complained for the last time about missing payment, and unpaid overtime hours to his supervisor Livio LNU. Plaintiff told the supervisor that it was unlawful not to pay him for overtime hours.

93. This complaint constituted protected activity under 29 U.S.C. 215(a)(3)

94. However, as a direct consequence of Plaintiff's complaint, Defendant fired Plaintiff immediately, the same day, June 05, 2022.

95. At the moment of his termination, Defendant refused to pay Plaintiff his hard-earned wages. Defendant did not pay Plaintiff for 1 week of work retained by Defendant as a security deposit.

96. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

97. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

98. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

99. The termination of Plaintiff JAVIER B. MAYORGA by the Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about overtime payment and regular wages, in violation of Federal Law.

100. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

101. Defendant CASA TUA CUCINA, willfully and maliciously retaliated against Plaintiff JAVIER B. MAYORGA by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

102. The motivating factor which caused Plaintiff JAVIER B. MAYORGA to be fired from the business, as described above, was his complaint seeking his regular and overtime

wages from the Defendant. In other words, Plaintiff would not have been fired but for his complaints regarding regular and overtime wages.

103. The Defendant's adverse actions against Plaintiff JAVIER B. MAYORGA were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

104. Plaintiff JAVIER B. MAYORGA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAVIER B. MAYORGA respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff JAVIER B. MAYORGA by Defendant CASA TUA CUCINA, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendant CASA TUA CUCINA, awarding Plaintiff JAVIER B. MAYORGA liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff JAVIER B. MAYORGA demands a trial by jury of all issues triable as of right by jury.

DATED: July 31, 2022,

                                            Respectfully submitted,

                                            By:  **/s/ Zandro E. Palma**
                                            ZANDRO E. PALMA, P.A.
                                            Florida Bar No.: 0024031
                                            9100 S. Dadeland Blvd.
                                            Suite 1500
                                            Miami, FL 33156
                                            Telephone: (305) 446-1500
                                            Facsimile:  (305) 446-1502
                                            zep@thepalmalawgroup.com
                                            *Attorney for Plaintiff*