UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22403-MARTINEZ-BECERRA

JAVIER B. MAYORGA,
NORALI OCAMPO,

        Plaintiffs,

v.

CASA TUA CUCINA (MIAMI)
ASSOCIATES LLC, and JAZ DEPOT
SUPPLIES, INC.,

        Defendants.

## PARTIES' JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE

  Plaintiffs, Javier B. Mayorga ("Mayorga") and Norali Ocampo ("Ocampo") (collectively "Plaintiffs") and Defendants Casa Tua Cucina (Miami) Associates LLC ("Casa Tua") and Jaz Depot Supplies, Inc. ("Jaz") (collectively "Defendants"), by and through their respective undersigned counsel, jointly move this Honorable Court to approve the Fair Labor Standards Act ("FLSA") settlement reached by the Parties, and dismiss the instant matter with prejudice. As grounds, the Parties jointly state:

  1. On July 31, 2022, Plaintiff Mayorga filed a Complaint [D.E. 1] in this Court alleging that he was denied overtime compensation for hours allegedly worked in excess of 40 hours per week (Count I), and minimum wages for other hours worked (Count II), in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA.").[1]

---

[1] Plaintiffs also claimed retaliation under the FLSA (Count III), which this honorable Court need not review and approve.  See Brenowitz v. Implant Seminars, Inc. 2017 WL 3438879, *2 (S.D. Fla. Aug. 10, 2017); Hernandez v. Iron Container, LLC, 2014 WL 633848, *2 (S.D. Fla. Feb. 18, 2014).

CASE NO.: 1:22-cv-22403-MARTINEZ-BECERRA

2. On August 17, 2022, Plaintiffs Mayorga and Ocampo filed a First Amended Complaint [D.E. 7], in which both plaintiffs asserted overtime and minimum wage claims under the FLSA.[2]

3. The Parties were subsequently successful in negotiating a settlement of this matter at mediation on September 21, 2022.

4. As more fully set forth in the Parties' Confidential Settlement Agreement, Full Waiver of Claims, and General Release ("Agreement") attached hereto as Exhibit "A", Plaintiffs will each receive $2,000.00 in overtime pay and $2,000.00 in liquidated damages to resolve their disputed wage claims.

5. The parties seek approval of this Joint Motion and their Agreement to resolve Plaintiffs' FLSA wage claims as required by law. The parties certify that this matter was fully resolved pursuant to a reasonable and fair compromise between and among the parties of a *bona fide* dispute over FLSA provisions, which was negotiated at "arms' length" and with the advice of counsel.

WHEREFORE, the Parties respectfully request that this honorable Court approve the Parties' Agreement and dismiss this matter in its entirety with prejudice.

## MEMORANDUM OF LAW

**I. LEGAL FRAMEWORK**

There are two ways in which claims under the FLSA can be settled and released by employees. First, the FLSA allows employees to settle and waive their claims under the FLSA if

---

[2] And again, asserted a retaliation claim under the FLSA.

CASE NO.: 1:22-cv-22403-MARTINEZ-BECERRA

the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. Lynn's Food Stores, 679 F.2d at 1353; see also Sculte, Inc. v. Gandi, 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); Jarrad v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit Court of Appeals has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;

CASE NO.: 1:22-cv-22403-MARTINEZ-BECERRA

  (3)  the stage of the proceeding and the amount of discovery completed;
  (4)  the probability of plaintiff's success on the merits;
  (5)  the range of possible recovery; and
  (6)  the opinions of the counsel.

See Leverso v. South Trust Bank of Ala. Nat. Assoc., 18 F.3d 1527 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., 2007 WL 328792, *2 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 WL 328792 at *2.

## II. ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLMENT

The instant settlement involves no fraud or collusion. Courts have found no fraud or collusion exists when the parties were represented by counsel and the amount paid to the plaintiff seemed fair. See Helms v. Central Fla. Reg. Hosp., 2006 WL 3858491, *4 (M.D. Fla. December 26, 2006). The proposed settlement arises from an action brought by Plaintiffs against Defendants, which was adversarial in nature. Each Party, moreover, was independently represented by experienced counsel and the settlement was negotiated between counsel in consultation with the Parties, and with the assistance of a mediator. Plaintiffs agree that they have been fairly compensated for disputed claims. The undersigned counsel represent to the Court that there was no fraud or collusion and that all Parties are in agreement.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. Given the allegations and defenses, success on the merits was uncertain and, irrespective of the amount at issue, would have required a good deal of discovery. This settlement comes at the very beginning stages of this litigation before any discovery has been conducted, and is a reasonable means for all parties to minimize future risks

CASE NO.: 1:22-cv-22403-MARTINEZ-BECERRA

and litigation costs. Id. ("Given the mandatory award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b), early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary.")

The Parties agree that they have been able to properly evaluate Plaintiffs' FLSA claims and that Plaintiffs have at all times been represented by counsel. In agreeing upon the proposed settlement, the Parties had sufficient information available to them to allow for an educated and informed analysis of the claims.

Counsel for Plaintiffs and for Defendants believe the settlement to be fair and reasonable given the range of possible recovery alleged by Plaintiff.

### III. CONCLUSION

The settlement terms regarding Plaintiffs' FLSA wage claims are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the FLSA Settlement, and dismiss the instant matter in its entirety with prejudice.

September 22, 2022.

Respectfully submitted,

By: /s/Zandro E. Palma
**Zandro E. Palma, Esquire**
Florida Bar No. 0024031
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd., Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
Primary E-mail:
zep@thepalmalawgroup.com
Secondary E-mail:
ams@thepalmalawgroup.com

By: /s/Richard D. Tuschman
**Richard D. Tuschman, Esquire**
Florida Bar No. 907480
RICHARD D. TUSCHMAN, P.A.
12555 Orange Drive, 2nd Floor
Davie, Florida 33330
Telephone: (954) 369-1050
Facsimile: (954) 380-8938
Primary E-mail:
rtuschman@gtemploymentlawyers.com
Secondary E-mail:
assistant@gtemploymentlawyers.com

CASE NO.: 1:22-cv-22403-MARTINEZ-BECERRA

| | |
|---|---|
| dsosa@thepalmalawgroup.com<br>jfp@thepalmalawgroup.com<br>svelez@thepalmalawgroup.com<br>Attorneys for Plaintiffs, Javier B. Mayorga and Norali Ocampo | Attorneys for Defendant, Jaz Depot Supplies, Inc. |

By: <u>*/s/*Jeffrey M. Goodz</u>
**Jeffrey M. Goodz, Esquire**
Florida Bar No. 953600
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida 33323
Telephone: (954) 626-5034
Facsimile: (954) 838-8842
Primary E-mail: jeffrey.goodz@mc-atty.com
Secondary E-mail: eservice@dmc-atty.com
                    acali@mc-atty.com
Attorneys for Defendant, Casa Tua Cucina (Miami) Associates LLC